## WILLIAM WARD v. JOHN VALENTINE, Curator.

In an action, brought many years after its alleged maturity, to recover the contents of a destroyed promissory note, and the only evidence of the original contract is the testimony of the plaintiff's brother that the maker acknowledged it; and it also appears that the maker lived two years after the alleged acknowledgment, and was solvent, yet, that no steps had been taken to recover it during his lifetime. Upon such testimony, it was held that the plaintiff could not recover without strong corroborating circumstances.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *John Finney*, for plaintiff. *A. A. Frayser*, for defendant. By the court :*

---

*Eustis*, C. J., did not sit in this case.

WARD
v.
VALENTINE.

ROST, J. The plaintiff claims from the curator of *Hiram Goodrich*, deceased, $500, it being the amount of a negotiable note of *Goodrich*, alleged to have been destroyed by fire, together with interest at the rate of six per cent per annum since the maturity of the note on the 9th day of August, 1840, according to the laws of Pennsylvania, where the note is said to have been given.

This action was commenced in 1849, and the defendant has pleaded the general issue and the prescription of five years; there was judgment in his favor, and the plaintiff appealed.

The only evidence of the original contract is contained in the acknowledgment of the defendant, relied upon to get rid of the plea of prescription, and that acknowledgment is attempted to be proved by the naked testimony of the plaintiff's own brother. Under the peculiar aspect of the case, his evidence was not satisfactory to the district judge to prove even the original obligation, and we cannot say that he erred.

Near relationship of witnesses to the parties to the suit, goes to their credibility, and the present record discloses a circumstance which makes it necessary to give effect to that rule. *Goodrich* lived two years after the alleged acknowledgment and promise to pay were made, and is shown to have been solvent; yet no steps were taken by the plaintiff to coerce payment in his lifetime. The evidence of his declarations, given after his death, by one whom the law presumes a partial witness, is not of such a character as a court of justice can act upon, unless it is attended with strong corroborating circumstances, which are totally wanting in this case.

The plaintiff relies, also, upon the testimony of *Postley*, in whose hands a note, purporting to be signed by *Hiram Goodrich*, had been placed for collection by the plaintiff, in the State of Pennsylvania; but as that witness states that he did not know the signature of *Goodrich*, and could not say that the original note, or the statement at the foot of the copy, made of it after it was destroyed by fire, while in his possession, were in the hand-writing of *Goodrich* or signed by him, his testimony, taken by itself, proves nothing, and is insufficient to verify the declarations of the other witness.

The judgment is affirmed, with costs.